UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Pulse Fitness, LLC

Debtor

Bankruptcy Case No. 22-47113
Hon. Mark A. Randon
Chapter 11
*Subchapter V*

# ORDER GRANTING THE DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN INTERIM AND FINAL ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This matter having come before the court on the First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection (the "Motion")[1] filed by Pulse Fitness, LLC (the "Debtor"); after notice and hearing, the Court having reviewed the Motion;

THE COURT HEREBY FINDS:

A. On September 9, 2022, (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the United States Bankruptcy code (the "Bankruptcy Code").

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] Capitalized terms used but not defined herein shall have the meanings as set forth in the Motion.

C. The Court consideration of this Motion constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A),(K) and (M).

D. The procedures set forth in this Order, constitute sufficient "notice and hearing" under Section 102 and 363(c) of the Bankruptcy Code, Bankruptcy Rule 2002, 4001, 6004 and 9006. This Order is being entered on an interim basis pursuant to Bankruptcy Rule 4001 and is expressly subject to the rights of parties in interest to object as specifically provided in paragraph 11 below. The Debtor requires funds to pay expenses in connection with maintaining operations, including paying employees, continuing production of current products, and providing service to its customers. Failure to pay these and similar critical expenses would cause the Debtor immediate and irreparable harm by disrupting its ability to maintain operations.

E. The Debtor does not have sufficient unencumbered funds to meet these expenses. Accordingly, it requires authorization to use Cash Collateral to avoid immediate and irreparable harm. The amount of cash the Debtor proposes to use before entry of a final order granting the Motion (including adequate protection payments as authorized under this Order) is set forth in the Budget attached to the Motion. Specifically, during the first three (3) calendar months of this case, the Debtor projects that it will need to spend $228,527.50.

F.  The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

Therefore, IT IS HEREBY ORDERED that:

1. The Motion is granted.

2. The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the terms of the Motion.

3. To avoid immediate and irreparable harm before the date of the final hearing or the date this order becomes a final order in the absence of a timely objection and final hearing, the Debtor is permitted to use Cash Collateral in the amount of $51,792.50 and its authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be. Pending a final order, the Debtor may use Cash Collateral in accordance in the amounts set forth above in accordance with the Budget, with a ten percent (10%) variance for each line item.

4. To the extent of any diminution in value of the pre-petition Cash Collateral, Invest Detroit is hereby granted the following Replacement Liens as adequate protection. The Replacement Liens shall be liens on the Debtor's assets which are created, acquired, or arise after Petition Date, but limited to only those types and descriptions of collateral in which Invest Detroit held a pre-petition lien

or security interest. The Replacement Liens shall have the same priority and validity as the pre-petition security interest and liens.

5. Invest Detroit is adequately protected.

6. Nothing in this Order constitutes an admission by the Debtor or prejudices the rights of the Debtor to challenge the amount, validity, enforceability, priority or perfection of any liens or security interests asserted by Invest Detroit and any other party asserting a security interest in Debtor's assets.

7. The Debtor is authorized to escrow Professional Fees, as more fully set forth in the Motion.

8. The Debtor shall, within twenty-four (24) hours following the entry of this order, serve copies of this order and the Motion, with all attachments, on each of the Debtor's 20 largest unsecured creditors, Invest Detroit D, the United States Trustee's Office, the Subchapter V Trustee, and all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

9. All parties seeking to object to this Order must file a written objection within fourteen (14) days after the entry of this Order, except that an official committee may file objections within fourteen (14) days after the official committee is served with the entered Order. If an objection is timely filed, the final hearing on this Order will be held before the Honorable Mark A. Randon, on **October 3, 2022 at 11:00 a.m.** If no timely objection is filed, then this Order will

become a final order without a further hearing, and the Debtor will be authorized to spend for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

10. The Debtor's use of Cash Collateral shall conform to the amounts set forth in the Budget with a ten percent (10%) variance. It may file with the Court modified or supplemental budgets from time to time and shall be authorized to use Cash Collateral in accordance with such modified or supplemental budgets without a hearing unless an objection is filed within fourteen (14) days after the such modified or supplemental budgets are filed. The Debtor's authority to use Cash Collateral shall continue otherwise ordered by this Court.

**Signed on September 15, 2022**



/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge