UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| In Re: | Chapter 11 (Subchapter V) |
| PULSE FITNESS, LLC | Case No. 22-47113-MAR |
| | Hon. Mark A. Randon |
| Debtor. | |

_____

# LIMITED OBJECTION OF GREENSEED, LLC TO ENTRY OF FINAL CASH COLLATERAL ORDER AND DEMAND FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §363(e)

Greenseed, LLC ("Greenseed"), by and through its undersigned counsel hereby objects (the "Objection") to the entry of a final order allowing the Debtor to use its cash collateral without providing for adequate protection of Greenseed's interest (which Greenseed hereby demands) in certain gym equipment that it leased to the Debtor (the "Equipment") during the time that Greenseed's motion to lift the automatic stay, filed concurrently herewith, is pending before the Court, and to the extent such motion is not granted, during the pendency of the case. In support of the Objection, Greenseed respectfully states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding under 28 U.S.C. 157(b)(2)(G). Venue is proper in this Court.

2. The Debtor and Greenseed are parties to a Equipment Lease/Purchase Agreement dated October 6, 2017 (the "Lease") whereby the Debtor leased certain fitness equipment for its facility (the "Equipment") from Greenseed and agreed to pay monthly lease payments to Greenseed for the Equipment. The purchase price paid by Greenseed to a third party for the Equipment so leased was $448,362.76. Greenseed has also filed a UCC-1 to perfect its interest in the equipment. However, the Debtor has not made any lease payments to Greenseed in nearly *two years*. In fact, although the Lease provided for an original rental payment schedule with monthly payments over a period of three and a half years totaling $574,148.30 (without default interest, late fees, or extended time periods that are now applicable), the Debtor only ever paid Greenseed $142,709.52. The Debtor currently owes Greenseed at least $566,544.38 (exclusive of late fees, default interest, and other amounts owed under the Lease) as of the Petition Date for its unpaid lease obligations. Contemporaneously with the filing of this Objection, Greenseed also filed its Motion to Lift Stay as to Certain Equipment Pursuant to Section 362(d)(1) and (d)(2) (the "Lift Stay Motion")[1].

---

[1] For the sake of brevity, Greenseed will not restate the factual allegations regarding its relationship with the Debtor and the facts regarding the Lease, but instead incorporate the Lift Stay Motion herein.

3. The Equipment belongs to Greenseed and not the Debtor. Section 6.01 of the Lease[2] (attached to the Lift Stay Motion as Exhibit 6-A) provides "[d]uring the Lease Term, all right, title, and interest in and to each item of the Equipment shall be vested in the Lessor [Greenseed]." Moreover, the Debtor confirmed this in the Bill of Sale (attached to the Lift Stay Motion as Exhibit 6-E), which provides "The undersigned Lessee hereby confirms, acknowledges and hereby conveys to Lessor and its successor and assigns all ownership interest in and to the Equipment, subject to the Lessee's performance of its obligations set forth in the Agreement." The parties entered into the Lease, on which the Debtor has defaulted, that expired in accordance with its terms in October 2021. The Lease, and the additional Bill of Sale both confirm that the parties agreed that the Equipment was Greenseed's property. Notwithstanding Greenseed's prepetition demands for its Equipment to be returned, the Debtor has intentionally refused to return the equipment to its rightful owner for almost a year without any right to possession under the terms of the expired Lease and without any payment to Greenseed. Consequently, Greenseed should be permitted to lift the stay and repossess the Equipment, as more fully detailed in the Lift Stay Motion.

4. Despite the terms of the documents and the parties' course of conduct, the Debtor has listed Greenseed's claim as a secured (though undersecured) claim

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Lift Stay Motion.

on its Schedule D[3] and Greenseed believes the Debtor may argue that the Equipment was subject to a financing arrangement rather than a true lease. Greenseed disputes this characterization and intends to vigorously contest any argument that the parties entered into a financing agreement.

5. Greenseed recognizes that the Court will need time to evaluate the Lift Stay Motion, and therefore is demanding adequate protection under Sections 361 and 363(e) of the Bankruptcy Code. Section 363(e) provides that "[n]otwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." Currently, the Debtor is still in possession of, and is using, the Equipment to run its business, which is adding value to the estate. However, the Debtor is not paying Greenseed anything and apparently has no plan to do so. At a minimum, Greenseed is entitled to adequate protection for its interest in the Equipment pursuant to Section 363(e) while the Lift Stay Motion is pending because the Debtor is using the Equipment and benefitting from that use. And, if the Court does not grant the Lift Stay Motion, such adequate protection will be required throughout the pendency of this case.

---

[3] Greenseed reserves its rights to challenge the amount of the claim and the value of the Equipment asserted by the Debtor.

6. After bankruptcy is filed, a debtor is required to pay for beneficial use of assets or collateral of others through adequate protection. See *In re Rose*, 347 B.R. 284, 288 (Bankr. S.D. Ohio 2006) (quoting *In re Carpet Ctr. Leasing Co.*, 991 F.2d 682, 686 (11th Cir. 1993)). If the assets were not necessary to preserve the estate, the debtor would return them and not make such adequate protection payments. *Rose*, 347 B.R. at 288.

7. The Budget that was filed with the Debtor's *First Day Motion for Entry of an Interim and Final Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection* (the "Cash Collateral Motion") [Dkt. No. 7][4] provides no apparent payment to Greenseed on account of the Equipment. In fact the lines that might conceivably be read to cover the Equipment provide only $100.00 per month for "Equipment Rent" and $1,600 per month for "Gym Equipment/Supplies/Maintenance" with no definition of what those amounts entail. Neither of those amounts are close to sufficient to protect Greenseed's interest in the Equipment for which the Debtor still owes at least $566,544.38 (exclusive of late fees, default interest, and other amounts owed under the Lease). In fact, at the time the Debtor stopped paying on the Lease, the monthly payments were

---

[4] The Court entered its *Order Granting the Debtor's First Day Motion for Entry of an Interim and Final Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection* on an interim basis on September 15, 2022 (the "Interim Cash Collateral Order") [Dkt. No. 17]. Greenseed reserves all of its rights to object to the entry of a final cash collateral order.

5

$13,450.49. There is no mention of the dispute with Greenseed in the Cash Collateral Motion at all, let alone any plan to adequately protect its interest in the Equipment. Greenseed is unable to confirm if the Debtor has been properly maintaining the Equipment, or maintaining appropriate insurance for it.

8. In addition, the Debtor has not offered to return the Equipment to Greenseed, despite prepetition court filings and communications pursuant to which Greenseed has repeatedly requested its return. It appears the Debtor believes it can continue to use the Equipment to run its business and reap the benefits of that use (including, for example, payments of $7,500 per month for "Owner Pay" as detailed in the Budget), disregarding Greenseed's interest entirely, during this case. In addition, the Debtor improperly retaining its possessory right to the Equipment belonging to Greenseed, without adequate protection, harms Greenseed's interest in the Equipment, accelerating the financial detriment to Greenseed. The Court should not countenance this.

9. Greenseed requests that the Court deny entry of a final order allowing the use of Cash Collateral until the Debtor adjusts its budget to provide monthly adequate protection payments to Greenseed in the amount of $13,450.49 (the monthly lease payment to which the parties agreed) until such time as the Court grants the Lift Stay Motion and Greenseed repossesses the Equipment, or in the

6
4892-8472-7861
22-47113-mar    Doc 31    Filed 09/29/22    Entered 09/29/22 18:05:21    Page 6 of 8

event that the Court does not grant the Lift Stay Motion, through the pendency of this case.

10. WHEREFORE, for the reasons stated herein, Greenseed respectfully requests this Court deny entry of a final Cash Collateral Order until the Debtor provides adequate protection to Greenseed on account of its interest in the Equipment, and grant such other relief as is just and proper under the circumstances.

Dated: September 29, 2022

Respectfully Submitted,

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7175 / fax: 2800
jsimon@foley.com
tdolcourt@foley.com

*Attorneys for Greenseed, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| In Re: | Chapter 11 (Subchapter V) |
| PULSE FITNESS, LLC | Case No. 22-47113-MAR |
| | Hon. Mark A. Randon |
| Debtor. | |

_____

## CERTIFICATE OF SERVICE

I, John A. Simon, hereby certify that on September 29, 2022, I caused to be electronically filed with the Clerk of the Court the Limited Objection of Greenseed, LLC to Entry of Final Cash Collateral Order and Demand for Adequate Protection Pursuant to 11 U.S.C. §363(e) filed using the ECF system which will send notification of such filing to all registered users in the case.

| | |
|---|---|
| Dated: September 29, 2022 | Respectfully Submitted, |
| | FOLEY & LARDNER LLP |
| | By: /s/ *John A. Simon* |
| | John A. Simon (P61866) |
| | Tamar N. Dolcourt (P73425) |
| | 500 Woodward Avenue, Suite 2700 |
| | Detroit, MI 48226-3489 |
| | (313) 234-7100 |
| | jsimon@foley.com |
| | tdolcourt@foley.com |
| | *Attorneys for Greenseed, LLC* |