## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

| | |
|---|---|
| Pulse Fitness, LLC, | Bankruptcy Case No. 22-47113 |
| | Hon. Mark A. Randon |
| Debtor. | Chapter 11 |
| | *Subchapter V* |

## STIPULATION FOR ENTRY OF ORDER CONFIRMING THE NON-CONSENSUAL PLAN OF REORGANIZATION OF PULSE FITNESS, LLC <u>UNDER BANKRUPTCY CODE SECTION 1191(b)</u>

NOW COME Pulse Fitness, LLC, the above-captioned debtor (the "<u>Debtor</u>"), Kimberly Ross Clayson, Subchapter V Trustee, the Internal Revenue Service (the "<u>IRS</u>"), Iron Ridge Holdings, LLC ("<u>Iron Ridge</u>"), the Office of the United States Trustee, and Greenseed, LLC ("<u>Greenseed</u>") each by and through their undersigned counsel, agree and stipulate to the entry of the attached order:

Approved as to form and content.

*[Signatures on following page]*

| | |
|---|---|
| **STEVENSON & BULLOCK, P.L.C.**<br><br>By: /s/ Elliot G. Crowder<br>Elliot G. Crowder (P76137)<br>Counsel for Debtor<br>26100 American Drive, Suite 500<br>Southfield, MI 48034<br>Phone: (248) 354-7906<br>Facsimile: (248) 354-7907<br>Email: ecrowder@sbplclaw.com<br><br>Dated: March 20, 2023 | **OFFICE OF THE U.S. TRUSTEE**<br><br>By: /s/ Leslie Berg<br>Counsel for US Trustee<br>211 W. Fort Street, Suite 700<br>Detroit, MI 48226<br>Tel. (313) 226-7999<br>Fax. (313) 226-7952<br>Email: Leslie.K.Berg@usdoj.gov<br><br>Dated: March 20, 2023 |
| **TAFT STETTINIUS & HOLLISTER LLP**<br><br>By: /s/ Kimberly R. Clayson<br>Kimberly R. Clayson (P69804)<br>Subchapter V Trustee<br>27777 Franklin Road, Suite 2500<br>Southfield, MI 48034<br>Tel. (248) 727-1635<br>Email: kclayson@taftlaw.com<br><br>Dated: March 20, 2023 | **FOLEY & LARDNER LLP**<br><br>By: /s/ Tamar Dolcourt<br>Tamar Dolcourt (P73425)<br>Counsel for Greenseed, LLC<br>500 Woodward Avenue, Suite 2700<br>Detroit, MI 48226<br>Phone: (313) 234-7175<br>Facsimile: (313) 234-2800<br>Email: tdolcourt@foley.com<br><br>Dated: March 20, 2023 |
| **ASSISTANT U.S. ATTORNEY**<br><br>By: /s/ Kevin Erskine<br>Kevin Erskine (P69120)<br>Counsel for Internal Revenue Service<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>Tel. (313) 226-9610<br>Email: Kevin.Erskine@usdoj.gov<br><br>Dated: March 20, 2023 | **AIDENBAUM SCHLOFF & BLOOM PLLC**<br><br>By: /s/ Sara Sturing<br>Sara Sturing (P70928)<br>Counsel for Iron Ridge Holdings, LLC<br>6960 Orchard Lake Road, Suite 250<br>West Bloomfield, MI 48332<br>Tel. (248) 865-6500<br>Email: ssturing@aidenbaum.com<br><br>Dated: March 20, 2023 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**

Pulse Fitness, LLC

Debtor.

Bankruptcy Case No. 22-47113
Hon. Mark A. Randon
Chapter 11
*Subchapter V*

## ORDER CONFIRMING THE NON-CONSENSUAL PLAN OF REORGANIZATION OF PULSE FITNESS, LLC UNDER BANKRUPTCY CODE SECTION 1191(b)

This case having come before the Bankruptcy Court on March 20, 2023 for a hearing on the confirmation of the Plan of Reorganization of Pulse Fitness, LLC [Docket # 57] (the "Plan")[1]; the Debtor seeks entry of this order (the "Confirmation Order"); due and appropriate notice under the circumstances having been given; all creditors and interested parties have had an opportunity to be heard; the Bankruptcy Court having considered the Plan and the record in this Chapter 11 case to date; due and sufficient factual and legal cause appearing therefore; it having been determined by this Court after a hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1191 have been satisfied; and the Court being otherwise fully advised in the premises;

---

[1]    Capitalized words not defined in this Confirmation Order shall have the meanings set forth in the Plan.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Plan, including all of its terms, provisions and exhibits which are incorporated herein by reference, is confirmed, subject to the modifications set forth below. Where inconsistent, this Confirmation Order supersedes the Plan.

2. All requirements for confirmation of the Plan under 11 U.S.C. 1191(b) and 1129 have been satisfied and the plan is being confirmed pursuant to 11 U.S.C.§ 1191(b).

3. The modifications contained in this Confirmation Order constitute modifications allowed pursuant to 11 U.S.C. § 1127 and do not adversely change the treatment of any Claim or Interest under the Plan. Accordingly, in accordance with Rule 3019 of the Federal Rules of Bankruptcy Procedure, the Plan is deemed accepted by all Creditors and Interest holders who have previously accepted the Plan, and it is not necessary for the Plan to be re-noticed to Creditors.

4. All payments made under the Plan shall be made by the Debtor in the intervals as set forth in the Plan, unless modified herein.

5. Section 4.2 of the Plan is modified as follows:

**Class II**:  This Class shall receive payments and treats the Allowed Claim of Iron Ridge Holdings, LLC ("Iron Ridge").  Approval of the Plan through the Confirmation Order shall resolve all disputes that arose and existed prior to the date of the Confirmation Order as they relate to the Debtor and Landlord's lease dated for August 7, 2017 (the "Lease"), the Plan, and the objection to the Plan filed by Iron Ridge.

The Debtor's nonmonetary lease obligations and triple net costs described in the Lease shall remain in effect but the base rental rate in the Lease shall be revised and increase as follows:

- $21,105 monthly from the first day of the month following entry of the Confirmation Order through December 31, 2023
- $23,665 monthly commencing January 2024
- $25,000 monthly commencing January 2025
- $28,000 monthly commencing January 2026
- $30,000 monthly commencing January 2027 and through the lease termination date of June 30, 2028

(collectively, the "Rent Payments").

In satisfaction of the Landlord's deficiency claim for all past due amounts that arose prior to the Petition Date, and in addition to the Rent Payments, the Debtor shall make, or cause to be made, the following payments (collectively, the "Settlement Payments") to Landlord under the Plan:

- $50,000 due 15 days after the date of entry of the Confirmation Order
- $25,000 on December 15, 2023
- $50,000 on April 15, 2024
- $50,000 on April 15, 2025

There shall be no prepayment penalty should the Debtor repay the Settlement Payments earlier than the date due except that the Debtor shall still make all Settlement Payments following any early payment on time according to the Settlement Payments schedule provided above. Upon payment of all Settlement Payments on or before the dates due, the Landlord's prepetition deficiency claim shall be deemed fully satisfied.

The Debtor will execute a consent judgment of eviction in a form satisfactory to the Landlord prior to the entry of the Confirmation Order. The original consent judgment of eviction shall be held by Landlord only to be enforced in the event that the Debtor defaults on the non-monetary provisions of the Lease or if Debtor fails to make on-time payment of the Rental Payments under this Agreement plus additional rent due for all periods following the Petition Date

and described in the Lease or if the Debtor fails to pay on time the Settlement Payments due under this Agreement provided that in the event of the Debtor's default, the Landlord shall first provide the Debtor and its bankruptcy counsel written notice of default by email at the email address of Debtor's Principal, Scott Genord, and counsel's email address of record in this case and the Debtor fails to cure the default within 10 days of the date the notice is sent by the Landlord. Scott Genord shall notify Iron Ridge of the email address to be used via the method for giving notice provided for by Section 23 of the Lease.

Landlord has the right to limit Debtor's use of the common area alley so that Debtor's use does not interfere with the intended use of the alley for all of the tenants of the development.

**This Class is Impaired.**

6. Iron Ridge is deemed to have and has voted to accept the Plan.

7. Greenseed shall be treated as a general unsecured claim and will be treated as a Class IV holder of Allowed Unsecured Claim.

8. Section 4.2 of the Plan is modified as follows:

**Class IV**: This Class consists of the Holders of Allowed Unsecured Claims. Neither pre-confirmation interest nor post-confirmation interest on Allowed Class III Claims will be paid. A Creditor in this Class shall receive a pro rata distribution incident to its Allowed Unsecured Claim based on four (4) payments each year on a quarterly basis of $2,000.00 per quarter for three (3) years. The first payment shall be due on or before March 31, 2023. Such payments shall continue to be made on the same date each quarter until the earlier occurs of (i) the respective Claim is paid in full; or (ii) December 2025. Additionally, the Reorganized Debtor shall pay all projected disposable income to this Class with such payments made quarterly.

**This Class is Impaired.**

9. Notwithstanding any provision of the Plan, there shall be no requirement that the Internal Revenue Service file any request for payment of

Administrative Expenses, nor any deadline for the filing of such requests. Nor shall the failure to pay such liabilities result in a discharge, injunction, exculpation, release or in any other manner defeat the United States' right or ability to collect such liability pursuant to the requirements of Title 26. Payment of any and all administrative claims of the IRS shall be on or before the Effective Date if the payment is otherwise required under non-bankruptcy law or, if the payment is not yet then required, by the date required under that same law.

10.    The United States' rights of collection as to the Debtor and/or Reorganized Debtor shall be limited only to the extent expressly provided for by the Bankruptcy Code. Nothing in the Plan or any related documents shall be construed to eliminate or infringe upon the United States right to collect any debt from the Debtor, Reorganized Debtor, or any other taxpayer.

11.    Sections 3.2.2, 3.2.7, 9.2, 9.3, 13.2, 13.5, 13.6, 13.7, and any other similar provisions so related, shall not apply to the United States. The allocation of payments as described in Sections 3.2.2, 13.3, and any other similar provisions so related shall not apply to the United States.

12.    The Priority Tax Claim of the Internal Revenue Service, as currently filed or as later amended, shall be paid in full on the Effective Date with statutory interest as applicable on that date (currently 7%).

13. Upon failure of the Reorganized Debtor to make any payment due on any administrative, priority, or general unsecured claim of the Service, or to file any return which comes due after the Confirmation Date, which failure is not cured within 30 days of the mailing of a written notice of default by the Service, the Service may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court. In the event of conversion of this case to a Chapter 7 proceeding, all property of the Debtor; Debtor-in-possession; or Reorganized Debtor, which will revest upon confirmation of the Plan of Reorganization and all of Debtor's after acquired property shall be property of the Chapter 7 Estate.

14. Notwithstanding anything in the Plan to the contrary, (a) Greenseed is not required to dispose of the Equipment; and (b) the Injunction in Section 9.2 of the Plan does not apply to Greenseed's pending cases against Scott and/or Jennifer Genord in the Oakland County Circuit Court.

15. In the event that the Holder of an Allowed Unsecured Claim does not timely receive its payment from the Reorganized Debtor pursuant to Class IV, it shall provide the Reorganized Debtor with notice and the opportunity to cure. In the event that the Reorganized Debtor does not cure such payment within fourteen (14) days, such Holder of an Allowed Unsecured Claim may move the Court to reopen the Case and seek conversion to Chapter 7.

16.     Notwithstanding the closing of the case, the Subchapter V Trustee's duties shall not terminate until all payments due and owing under the plan are paid or further order of the Court. Upon the completion of all payments due under the Plan, the services and appointment of the Subchapter V Trustee terminate automatically and without further order of the Court.

17.     No later than fourteen (14) days after the plan's substantial consummation, the Reorganized Debtor shall (i) file the notice required under 11 U.S.C. § 1183(c)(2). To confirm the Notice of Substantial Consummation, The Debtor must serve the Subchapter V Trustee with copies of all checks distributed in the initial distribution to Classes requested by the Subchapter V Trustee. The Subchapter V Trustee will not file her Notice of (Non) Distribution until after receipt and confirmation of the initial distribution checks for any Classes she requests to her satisfaction.

18.     The Reorganized Debtor will remain responsible for filing timely Quarterly Disbursement Reports until this case is confirmed, dismissed or converted to Chapter 7. Such reports shall be filed with the Court until the Case is closed, and thereafter sent directly to the Office of the United States Trustee.

19.     Notwithstanding anything in the Plan to the contrary, in the event of a post-confirmation conversion of this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, all property of the Debtor and Reorganized Debtor, including

any property that will re-vest in the Reorganized Debtor, and all property acquired by the Reorganized Debtor post-confirmation of the Plan, will re-vest in the estate.

20.     The Debtor, Reorganized Debtor, and Subchapter V Trustee are authorized to take or cause to be taken all actions necessary to implement and effectuate the provisions of the Plan.

21.     Notwithstanding the entry of this Order confirming the Plan, the Court shall retain jurisdiction of all matters arising out of and related to the Debtor's Chapter 11 Case and the Plan, including, but not limited to, jurisdiction to determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan.